

U.S. Department of Justice

FILED
CLERK'S OFFICE

United States Attorney
District of Massachusetts

2005 APR -7 P 12: 13

U.S. DISTRICT COURT
DISTRICT OF MASS

*Main Reception: (413) 785-0235*
*Fax: (413) 785-0394*

*Federal Building & Courthouse*
*Main Street, Room 310*
*Springfield, Massachusetts 01103*

April 7, 2005

William J. O'Neil, Esq.
7 Stockbridge Street
Springfield, MA 01103

    Re:  <u>United States v. Lee Henry</u>
          Criminal Nos. 05-30010-MAP; and 05-30011-MAP

Dear Attorney O'Neil:

    In accordance with the government's discovery obligations pursuant to Local Rule 116.1(C) and 116.2(B) and Fed. R. Crim. P. 16(a)(1), I am providing you with the following information and materials:

A.    Discovery Pursuant to Fed.R.Crim.P. 16(a)(1)(A)-(D)

    1.    Statements of the Defendant

    The defendant did not make any oral statements in response to interrogation by a person the defendant knew was a government agent of which the government is aware. The government is unaware of any other written or recorded statements, made by the defendant.

    Enclosed is a four page Springfield Police Department report regarding the November 1, 2003 arrest of the defendant, and five pages of FBI documents regarding the arrest warrant. Also enclosed is a copy of the Order Setting Conditions of Release signed by the defendant regarding case Cr. No 03-30042-MAP.

    2.    Grand Jury Testimony

    The defendant did not testify before the grand jury.

    3.    Defendant's Prior Record

A copy of the defendant's criminal record of which the government is aware is enclosed.

    4.    Books, Papers, Documents, and Tangible Objects

The government will make available for inspection and/or copying all of the evidence in its possession, including items seized pursuant to search warrants if any, which it intends to use at trial at a mutually convenient time and place.

    5.    Reports of Examinations and Tests

Enclosed are two reports from the Massachusetts laboratory regarding analysis of the heroin. There are no other scientific tests or experiments of which the government is aware. There are no reports of physical or mental examinations of the defendant of which the government is aware.

B.    Search Materials

    1.    Search Warrants

None.

    2.    Consent Searches

None.

    3.    Warrantless Searches

None.

C.    Electronic Surveillance

None.

D.    Consensual Interceptions

None.

E.    Unindicted Coconspirators

There is no conspiracy charged in the above referenced indictments.

F.    Identifications

Prior to the arrest on November 1, 2003 Officer Davis obtained a photograph of the defendant from the Springfield Police Department as set forth in the enclosed police report. A copy of the photograph is attached to the police report. There were no other identification procedures used in this case of which the government is aware.

G.  Exculpatory Evidence

1.  Within the time period designated in L.R. 116.1(C)(1):

    a.  The government is unaware of any evidence that would tend directly to negate the defendant's guilt concerning any count in the indictment.

    b.  The government is unaware of any evidence that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude, which would, if allowed, be appealable under 18 U.S.C. §3731.

    c.  The government is unaware of any promises, rewards or inducements given to any witness the government anticipates calling in its case-in-chief.

    d.  The government is unaware of any criminal record of any witness it anticipates calling in its case-in-chief.

    e.  The government is unaware of any criminal cases pending against any witness the government anticipates calling in its case-in-chief.

    f.  There were no failures to identify the defendant by any percipient witness in this case.

The government requests reciprocal discovery of the defendant as required by L.R. 116.1(D) and F.R.Crim. P. 16(b). Pursuant to F.R.Crim.P. 12.1 the government requests notice of whether the defendant intends to rely upon an alibi defense; pursuant to F.R.Crim.P. 12.2 the government requests notice of whether the defendant intends to rely upon an insanity defense; and pursuant to F.R.Crim.P. 12.3 the government requests notice of whether the defendant intends to rely upon a defense of public authority.

Please feel free to call me at (413) 785-0235 if you have

3

any questions about the above information.

                                    Very truly yours,

                                    MICHAEL J. SULLIVAN
                                    United States Attorney

                        By:

                                    TODD E. NEWHOUSE
                                    Assistant U.S. Attorney

Enclosures
cc: Bethany Healy,
    Courtroom Clerk
    Hon. Kenneth P. Neiman
    United States Magistrate Judge
    (w/o enclosures);